IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRAVIS DAVIS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-00275-N (BT) |
| | § | |
| WEST FELICIANA PARISH | § | |
| TRANSITIONAL WORK PROGRAM, | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Travis Davis's *pro se* complaint. For the following reasons, the Court should dismiss the complaint under Fed. R. Civ. P. 41(b).

I.

Davis filed this civil action challenging the conditions of his confinement at the West Felicia Parish Transition Work Program in Louisiana. He did not pay the filing fee or file a motion to proceed *in forma pauperis*. Accordingly, on February 6, 2020, the Court sent Davis a notice of deficiency and ordered him to cure the deficiency within thirty days. On March 3, 2020, the deficiency notice was returned to the Court as undeliverable. The Court re-mailed the deficiency notice to an address Davis used on correspondence he filed with the Court. But on April 8, 2020, the deficiency notice was again returned to the Court as undeliverable. Davis has failed to provide the Court with any alternative address.

1

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Davis did not pay the filing fee or file a motion to proceed *in forma pauperis*, and he has failed to provide the Court with a current address, so the Court is unable to contact him. This litigation cannot proceed until Davis provides the Court with his current address. Accordingly, the complaint should be dismissed for want of prosecution under Fed. R. Civ. P. 41(b).

III.

For the foregoing reasons, the Court should dismiss the complaint without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

Signed June 19, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).